# IN THE UNITED STATES DISTRICT COURT FOR
# THE MIDDLE DISTRICT OF TENNESSEE

SUMMER L. DUNCAN, b/n/f, )
RHONDA DUNCAN, and )
RHONDA DUNCAN, )
)
      PLAINTIFFS, )
)
vs. ) No. 3:11-1104
) JURY DEMAND
WAL-MART STORES EAST, LP, ) JUDGE CAMPBELL
) MAGISTRATE JUDGE GRIFFIN
      DEFENDANT. )

## AGREED INITIAL CASE MANAGEMENT ORDER

Pursuant to the Court's Order of November 21, 2011, and pursuant to Local Rule 16.01(d)(1)(b)(2) the parties submit this proposed case management order:

**I.    Jurisdiction and Venue:**

This Court has jurisdiction over this case pursuant to 28 U.S.C. section 1332, there being diversity of citizenship and the amount in controversy exceeds $75,000.00.

**II.    Status of Service of Process and Responsive Pleadings:**

All named defendants have been served. A stipulation of dismissal was entered as to Wal-Mart Real Estate Business Trust on November 22, 2011. The remaining defendant, Wal-Mart Stores East, LP, filed an answer on November 23, 2011.

**III.    Parties' Theory of Case**

    **1.    Plaintiff's Theory of Case**

On September 26, 2010, Summer Duncan was shopping with her mother, Rhonda Duncan, at Wal-Mart store number 304 in Springfield, Tennessee. While shopping, Summer Duncan slipped and fell on water which had been spilled or leaked onto the floor from bottled water kept in the aisle where she fell. As a result of the fall, Summer Duncan received significant injuries. The wet floor where Summer Duncan fell was unsafe because it created a slip hazard which was not easily noticeable by customers. The floor where Summer Duncan fell was also not slip-resistant when wet. It was foreseeable that the

beverage aisle could become wet from spills or leaks in the beverage containers present in the aisle.

Wal-Mart was negligent in allowing the unsafe condition of the floor to exist, failing to properly inspect the floor, and failing to correct the unsafe condition by making the floor slip-resistant when wet and failing to clean up the spilled water.

Summer Duncan and her mother, Rhonda Duncan, are seeking compensation for Summer Duncan's medical expenses. Summer Duncan is seeking compensation for her pain and suffering, loss of capacity for the enjoyment of life, any permanent impairment or disfigurement, and any loss of wages and/or earning capacity.

### 2. Defendant's Theory of Case

Wal-Mart denies that its floor was unsafe and denies that it had notice of the water on the floor prior to plaintiff Summer Duncan's alleged accident. Wal-Mart denies that it was negligent and asserts that plaintiff Summer Duncan failed to exercise reasonable care for her own safety by failing to see what was there to be seen; failing to heed an open and obvious warning; failing to avoid the slip and fall accident; and inattention. Additionally, plaintiff Duncan knew (or should have known) of the potentially slippery condition given the clearly visible caution cone/wet floor sign in the immediate area of plaintiff's alleged accident. Plaintiff Duncan's comparative negligence equals or exceeds 50% thereby barring plaintiffs from recovery. Alternatively, in accordance with Tennessee's doctrine of modified comparative negligence, the jury should apportion negligence between the parties according to their respective negligence and reduce plaintiffs' judgment, if any, proportionately by plaintiff Duncan's comparative negligence.

## IV. Issues Resolved and Issues Still in Dispute

Other than jurisdiction and venue, all legal and factual issues remain at issue in this litigation.

## V. Other Claims or Special Issues

At this time the parties do not anticipate any counter-claims, cross-claims, third-party claims, and joinder of other parties or claims, or class action certification, or any other special issues.

## VI. Witnesses

Disclosure of initial witnesses shall be made with the parties' Rule 26(a)(1) disclosures.

## VII. Schedule of Pretrial Proceedings

(1). Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures within 14 days after the Initial Case Management Conference scheduled for January 3, 2012.

(2). The deadline for filing motions to amend the pleadings shall be August 14, 2012, unless leave of Court is obtained for good cause shown. Otherwise, amendments to conform with the evidence as developed during discovery shall be governed by the Federal Rules of Civil Procedure.

(3) Fact discovery shall be complete by July 31, 2012.

(4). Plaintiff shall identify all expert witnesses who may testify on behalf of plaintiffs and disclose all additional information required under Rule 26 with respect to expert witnesses by August 31, 2012.

(5). Depositions of Plaintiff's liability experts shall be completed by October 31, 2012.

(6). Defendant shall identify all liability expert witnesses who may testify on behalf of defendant and disclose all additional information required under Rule 26 with respect to expert witnesses by October 15, 2012.

(7). Depositions of Defendant's experts shall be completed by December 15, 2012.

(8). Any supplements to and/or rebuttal expert reports shall be served by January 7, 2013.

(9). No motions related to discovery or for a protective order shall be filed until a discovery dispute conference has taken place with the Magistrate Judge.

(10). All expert discovery shall be complete by January 31, 2013.

(11). The deadline for filing discovery related motions shall be January 31, 2013.

## VIII. Dispositive Motions.

All dispositive motions shall be filed by April 1, 2013.

## IX. Other Deadlines.

The parties do not anticipate the need for other deadlines at this time.

## X. Alternative Dispute Resolution

a. The Prospects for Settlement.

The parties have not discussed settlement. The parties are amenable to settlement negotiations at any time prior to trial. Either party may file a motion for a settlement conference; however, the party seeking the same has the obligation to arrange a telephonic conference with the Court regarding the necessity of the same. At the settlement conference, the parties will be prepared to defend their respective positions concerning settlement of the case.

b. The Need and Timing of Settlement Conferences.

Additional settlement conferences may be applied for by the parties or set by the Court on its own initiative.

c. The Propriety of Utilizing Alternative Dispute Resolution Techniques.

The parties are amenable to utilizing other means of conflict resolution such as private mediation.

d. Need for Special Procedures.

The parties do not believe any special procedures are needed.

## XI. Consent to Trial Before the Magistrate Judge.

At this time the parties do not consent to trial before the Magistrate Judge.

## XII. Target Trial Date.

This case will be a jury trial. The trial of this matter is expected to last two (2) to three (3) days. A target trial date is requested no earlier than September 24, 2013.

All of the foregoing is SO ORDERED.

_____
Judge

**APPROVED FOR ENTRY:**

MOSELEY & MOSELEY
ATTORNEYS AT LAW

By:   s/ James Bryan Moseley
      James Bryan Moseley, No. 021236
Attorneys for Plaintiff

Suite 300, One Church Street
101 Church Street
Nashville TN 37201-1609
615/ 254-0140
Fax: 615/ 244-2270


s/ Greg Callaway
Greg Callaway, No. 18575
HOWELL & FISHER, PLLC
Court Square Building
300 James Robertson Parkway
Nashville, TN 37201-1107
(615) 244-3370
Attorney for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on this the 29th day of December, 2011, a copy of the foregoing *Agreed Initial Case Management Order* was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

Greg Callaway
Howell & Fisher, PLLC
Court Square Building
300 James Robertson Parkway
Nashville, TN  37201-1107

/s/ James Bryan Moseley
James Bryan Moseley