IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SUMMER L. DUNCAN, et al.    )
                            )
v.                          ) NO. 3-11-1104
                            ) JUDGE CAMPBELL
WAL-MART STORES EAST, L.P.  )

MEMORANDUM

Pending before the Court is Defendant's Motion for Summary Judgment (Docket No. 28). For the reasons stated herein, Defendant's Motion is DENIED.

FACTS

Plaintiffs' Complaint alleges that Plaintiff Rhonda Duncan and her daughter, Plaintiff Summer Duncan, were shopping in the Wal-Mart store in Springfield, Tennessee, when Plaintiff Summer Duncan slipped and fell in the beverage aisle of the store. Plaintiffs contend that the floor was wet because water had been spilled or leaked onto the floor from bottled water kept in that aisle. Plaintiffs claim that Summer Duncan suffered injuries as a result of this fall, including injuries to her knee, back and foot. Plaintiffs maintain that Summer's fall was a result of negligence on the part of Defendant Wal-Mart; that is, failing to provide a reasonably safe walkway, free of unsafe conditions, for its customers.

Defendant has moved for summary judgment, arguing that Plaintiffs cannot establish the breach of any duty owed to Summer Duncan with regard to this spill and that Summer Duncan was at least fifty percent at fault for the accident, thus barring Plaintiffs' claims. Defendant has submitted a video (from the store's video surveillance) of the area where Summer fell on the date in question, and both parties rely upon that video, which the Court has reviewed.

## SUMMARY JUDGMENT

Summary judgment is appropriate where there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Pennington v. State Farm Mut. Automobile Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In deciding a motion for summary judgment, the Court must review all the evidence, facts and inferences in the light most favorable to the nonmoving party. *Van Gorder v. Grand Trunk Western Railroad, Inc.*, 509 F.3d 265, 268 (6th Cir. 2007). The Court does not, however, weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249 (1986). The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question. *Id.* The mere existence of a scintilla of evidence in support of the nonmoving party's position will be insufficient to survive summary judgment; rather, there must be evidence on which the jury could reasonably find for the nonmoving party. *Rodgers*, 344 F.3d at 595.

## PREMISES LIABILITY

To establish the elements of a negligence claim, Plaintiff must show (1) a legally recognized duty owed by Defendant to the Plaintiff; (2) Defendant's breach of that duty; (3) an injury or loss; (4) causation in fact; and (5) legal cause. *Hardeman County v. McIntyre*, 2013 WL 1227034 at * 4

2

(Tenn. Ct. App. March 27, 2013) (citing *Giggers v. Memphis Housing Auth.*, 277 S.W.3d 359, 364 (Tenn. 2009)). "Negligence is ordinarily an issue to be decided by a jury and can be withdrawn from the jury only in those cases where the facts are established by evidence free from conflict and the inference from the facts is so certain that all reasonable minds must agree." *Williams v. Brown*, 860 S.W.2d 854, 857 (Tenn. 1993).

An owner and/or operator of a place of business has a duty to exercise reasonable care with regard to social guests or business invitees on the premises. *Piana v. Old Town of Jackson*, 316 S.W.3d 622, 630 (Tenn. Ct. App. 2009). The term reasonable care must be given meaning in relation to the circumstances. *Doe v. Linder Construction Co., Inc.*, 845 S.W.2d 173, 178 (Tenn. 1992). The duty of care includes maintaining the premises in a reasonably safe condition either by removing or repairing potentially dangerous conditions or by helping customers and guests avoid injury by warning them of the existence of dangerous conditions that cannot, as a practical matter, be removed or repaired. *Piana*, 316 S.W.3d at 630. The operator of a premises, however, does not have a duty to remove or warn against conditions from which no unreasonable risk was to be anticipated or from those which the operator neither knew about nor could have discovered with reasonable care. *Id*. The existence of a dangerous condition alone will not give rise to a duty unless it is shown to be of such a character or of such duration that the jury may reasonably conclude that due care would have discovered it. *Longmire v. The Kroger Co.*, 134 S.W. 3d 186, 188-89 (Tenn. Ct. App. 2003).

Defendant argues that it breached no duty to Summer Duncan because there was an orange caution cone at the spill. Defendant contends that the caution cone was within plain sight and that Summer Duncan walked right by it. Defendant also asserts that it did not have actual notice of the

3

spill before Plaintiff's fall because a customer caused the spill and placed the caution cone in the aisle. Defendant claims that it breached no duty to Summer because the orange caution cone sufficiently warned her of the danger and she had ample opportunity to see water on the floor and avoid it. Defendant also argues that Sumner Duncan was at least fifty percent at fault and, therefore, is barred from bringing this claim.

The Court finds that whether Defendant acted reasonably in these circumstances is a jury question. Whether Defendant exercised reasonable care, whether the risk of a fall was unreasonable and whether the aisle was in a reasonably safe condition all involve issues of fact which a jury must determine. Because reasonable persons could draw conflicting conclusions from this evidence, the issue of negligence should be submitted to a jury.

There are genuine issues of material fact, for example, as to whether the orange caution cone alone was a reasonable warning to customers, as to whether Summer reasonably should have seen the cone and/or the water, and as to whether Defendant's employees should have inspected the aisle sooner and cleaned up the spill. These questions of fact, particularly as to what is reasonable, must be submitted to a jury.

## CONCLUSION

For these reasons, Defendant's Motion for Summary Judgment (Docket No. 28) is DENIED. IT IS SO ORDERED.

_____
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE